COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-468-CR

 

 

JAY PRESTON CONNELL                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








A jury convicted Appellant
Jay Preston Connell of three counts of indecency with a child by contact and
one count of indecency with a child by exposure.  The jury acquitted Connell on one count of
indecency with a child by contact.  The
jury sentenced Connell to two years= confinement on each of the indecency with a child by contact counts
and ten years= community
supervision on the indecency with a child by exposure count.  In eight issues, Connell argues that the
evidence on all four counts is both legally and factually insufficient to
support the guilty verdict.  We affirm in
part and reverse in part.

II.  Background Facts 

Connell met the complainant,
I.R., while Connell was a teacher and principal at the Trinity Baptist Temple
Academy, a private scripture-based Bible school.  The acquaintance between I.R. and Connell
spanned approximately seven years from when I.R. was seven until he was
fourteen.  Because of I.R.=s father=s declining
health, Connell, at I.R.=s mother=s request, became a Afather figure@ to
I.R.  Connell frequently invited I.R.
over to his house because Connell=s son was a year older than I.R. 
I.R. would also routinely spend the night at Connell=s residence, at times up to two or three times per week.  Connell also periodically removed I.R. and
other children from school to eat or run errands.








During the times when I.R.
spent the night at Connell=s house, Connell would sleep in the living room either with I.R. alone
or with I.R. and other children who also happened to be spending the
night.  Connell would often rub I.R.=s back and bare bottom to help him fall asleep.  Occasionally, Connell would reach under the
waistband of I.R.=s boxers and
pull I.R.=s boxers
down or tell I.R. that he could pull his boxers down.  I.R. testified that on occasion Connell=s hand dropped into I.R.=s Acrack@ and touched I.R.=s anus.  The rubbing of his bare
bottom made I.R. uncomfortable.  These
rubbing incidents always occurred under a blanket.  While I.R.=s mother was aware of the back-rubbing incidents, she was unaware of
and did not give permission for rubbing of the bare bottom.  I.R. testified that Connell=s hand Acertainly@ touched I.R.=s anus on at
least one occasion but possibly more than once. 
On one occasion Connell=s hand touched I.R.=s genitals after I.R. rolled over during one of the rubbing
incidents.  I.R. stated that Connell told
him it was an accident.  On
cross-examination, I.R. initially stated that he specifically recalled Connell
touching his anus but later testified that he was unsure whether Connell=s hand actually made contact with his anus.  Although I.R.=s mother confronted Connell about rubbing I.R.=s bare bottom, Connell=s practice of rubbing I.R.=s bare bottom continued. 








During sleep-overs, the boys
would also often engage in Apantsing fights@ in which
the children would pull one another=s pants down.  One of the other
children pulled Connell=s pants down
exposing Connell=s
genitals.  Connell also participated by
pulling down I.R.=s pants,
thereby exposing I.R.=s genitals.  I.R. testified that Connell did not reprimand
the children for these acts or discourage that behavior.  In his statement, Connell acknowledged that
during wrestling matches with the boys it was not uncommon for somebody=s pants to slide down.

On two other occasions,
Connell touched I.R.=s
genitals.  The first incident involved a Atick check@ following a
family camping trip.  I.R.=s mother directed I.R. to check himself for ticks after both she and
I.R.=s sister discovered ticks on themselves.  I.R. checked himself, but I.R.=s mother was unconvinced of his thoroughness.  The following day, I.R.=s mother told Connell about the incident prompting Connell to inquire
if she would like for Connell to examine I.R. 
I.R.=s mother
understood that the check would include I.R.=s genitals, and I.R.=s mother consented to the examination.

The second incident occurred
when I.R. approached Connell to discuss I.R.=s fear of not being able to produce semen.  Connell had I.R. remove his pants after which
Connell physically checked I.R.=s testicles for Aknots@ or anything that would cause Aobstructions of sperm.@  Following the inspection,
which turned up no evidence of anything unusual, Connell recommended to I.R.
that he see a doctor.  I.R.=s mother was unaware of and did not give permission for this
examination.  I.R. was fifteen at the
time this case was brought to trial.

 

 

 








III. Indecency with a Child
by Contact

In issues one, two, four,
five, six, and eight, Connell challenges the legal and factual sufficiency of
the evidence to support his guilty verdict on the indecency by contact counts.

A. Standards of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The trier
of fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which
ground.  Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.

 








B. Applicable Law

A person commits the offense
of indecency with a child by contact if, with a child younger than seventeen
years and not the person=s spouse,
the person engages in sexual contact with the child. Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon 2003). ASexual contact@ means the
following acts, if committed with the intent to arouse or gratify the sexual
desire of any person: any touching by a person, including touching through
clothing, of the anus, breast, or any part of the genitals of a child.  Id. ' 21.11(c)(1).

C. Counts One and Two - Anal Contact

 

Connell argues in his first
and fifth issues that the evidence was both legally and factually insufficient
to support the verdict for count one: indecency with a child by contact of I.R.=s anus.  He argues in his second
and sixth issues that the evidence was legally and factually insufficient to
support the verdict for count two: a second incident of indecency by contact
with I.R=s anus.    

1. Legal Sufficiency -
Count One 

Connell=s first issue asserts that the evidence is legally insufficient to
prove that (a) he committed the act and (b) he committed the act with the
intent to arouse and gratify his sexual desire.








A complainant=s testimony alone is sufficient to support a conviction for indecency
with a child.  See Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005) (providing that requirement that victim inform another person
within one year does not apply to a victim under 17 at the time of the
offense); Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
1978).  It is within the sole province of
the jury to reconcile conflicts, contradictions, and inconsistencies in the
evidence.  Bowden v. State, 628
S.W.2d 782, 784 (Tex. Crim. App. 1982). 
Additionally, the jury is also the judge of the credibility of the
witnesses, and it is free to believe or disbelieve any portion of the witness=s testimony.  Cain, 958
S.W.2d at 408B09.








Here, I.R. testified to all
the elements of the charged offense. 
I.R.=s testimony
established that he was, at the time of the offense, under 17 years of age and
not Connell=s spouse.  I.R. testified that Connell=s hand had Acertainly@ come in contact with his anus. 
On cross-examination, in response to whether Connell touched I.R.=s anus, I.R. answered, A[Y]es, I believe so,@ although later, also on cross-examination, when asked whether Connell
touched I.R.=s anus
again, I.R. responded that he was not sure. 
Connell argues that I.R.=s response does not establish that the touching occurred.  Even if I.R.=s response could be considered ambiguous, conflicts such as this were
within the sole province of the jury to reconcile.  Additionally, in a sufficiency review, we
look not to whether the State presented evidence refuting Connell=s claim that he did not touch I.R. with the requisite sexual intent,
but whether after viewing all the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.  See
Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

Connell also argues that the
evidence was insufficient to prove that he committed the contact with the
intent to arouse and gratify his sexual desire. 
In a sufficiency review, the jury=s inference of intent is afforded more deference than the evidence
supporting proof of conduct.  Margraves,
34 S.W.3d at 919.  Circumstantial
evidence of a defendant=s guilty
knowledge is not Arequired to
meet the same rigorous criteria for sufficiency as circumstantial proof of
other offensive elements.@  Id. (quoting Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal
sufficiency of the evidence to show an appellant=s intent, and faced with a record that supports conflicting inferences,
we Amust presumeCeven if it
does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).








The requisite specific intent
for indecency with a child by contact can be inferred from the defendant=s conduct and remarks and all the surrounding circumstances.  See Robertson v. State, 871
S.W.2d 701, 705 (Tex. Crim. App. 1993), cert. denied, 513 U.S. 853
(1994); Gottlich v. State, 822 S.W.2d 734, 741 (Tex. App.CFort Worth 1992, pet. ref=d) (finding requisite intent to arouse and gratify sexual desire when
defendant placed his hand inside complainant=s panties and played with her Aprivate@), abrogated
on other grounds by Arevalo v. State, 943 S.W.2d 887, 888B90 (Tex. Crim. App. 1997).  An
oral expression of intent is not required; the conduct itself is sufficient to
infer intent.  C.F. v. State, 897
S.W.2d 464, 472 (Tex. App.CEl Paso 1995, no writ). 








Here, I.R. testified that
Connell touched his bottom in a way that made him feel uncomfortable, that
Connell always slept next to I.R. when I.R would spend the night, that Connell
would massage I.R.=s bottom to
help him sleep, that Connell Acertainly@ touched his
anus on one occasion, that Connell accidentally touched I.R.=s genitals during one of these massages, that Connell told I.R. that
he could take his pants off for these massages, that Connell would pull I.R.=s boxers down for these massages, and that I.R. touched his genitals
during a Aknot@ check.  Additionally, I.R.
testified that the rubbing of his bottom occurred Aa lot more than once@ and continued after I.R.=s mother confronted Connell about it. 
Evidence of a common pattern of similar acts is admissible as tending to
prove intent.  See Ranson v. State,
707 S.W.2d 96, 97 (Tex. Crim. App.), cert. denied, 479 U.S. 840
(1986).  Thus, the jury could infer from
the totality of Connell=s conduct
that touching I.R.=s anus was
done with the intent to arouse and gratify his sexual desire.  

Viewing the evidence in the
light most favorable to the jury=s verdict, we find that there was evidence upon which a rational trier
of fact could have found the essential elements of indecency with a child
beyond a reasonable doubt.  Therefore, we
overrule Connell=s first
issue.

2.  Factual Sufficiency - Count One

In issue five, Connell argues
that the evidence was factually insufficient to support the verdict for
indecency with a child by contact of I.R.=s anus.  Connell contends that
I.R. never conclusively established that anal contact occurred.  

I.R. testified that Connell=s hand Acertainly@ contacted his anus and that Ayes, he believed@ Connell=s hand contacted his anus.  I.R.
further testified on cross-examination that he understood the difference
between Acrack@ and anus. A
complainant=s testimony
alone is sufficient to support a conviction for indecency with a child.  See Tex.
Code Crim. Proc. Ann. art. 38.07. 
The jury was able to judge I.R.=s demeanor and credibility, and it was free to believe or disbelieve
I.R.  The jury clearly considered I.R.
credible.  








Considering all the evidence
in a neutral light, we cannot say that the jury was not rationally justified in
finding Connell guilty.  Thus, the
conviction was not Aclearly
wrong@ or Amanifestly
unjust.@ See Watson, 204 S.W.3d at 417. Therefore, we overrule
Connell=s fifth issue.

3.  Legal Sufficiency - Count Two

In his second issue, Connell
argues that the evidence was legally insufficient to support the verdict for
count two: indecency with a child by a second contact of I.R.=s anus.

I.R. testified that Connell=s hand touched his anus Aonce, maybe, or more.@  When pressed as to the number
of times Connell touched I.R.=s anus, I.R. answered Amaybe more than once.@  On cross-examination, I.R.
testified that Connell touched his anus Aon occasion.@  In response to whether I.R. specifically
recalled Connell touching his anus, I.R. testified, AWhenever he rubbed my crack, when his hand went in my crack, yes, I
believe so.@  Defense counsel again asked, AYou said you remembered him doing it.@ I.R. testified, AYes, sir.@  Contradicting himself, though, I.R. testified
on cross-examination that he was not sure whether Connell actually made contact
with his anus.  On re-direct, I.R. again
stated that during the massaging Connell Agot pretty far down in the crack.@  I.R. added that even after
I.R.=s mother spoke to Connell about the touching, Connell continued to rub
I.R.=s bottom, and I.R. did not tell his mother because he Adidn=t want her
to get mad at [Connell].@








Additionally, via a
demonstration, defense counsel sought to ascertain the area where Connell
touched I.R.  The following exchange took
place:

Q.     I=m going to stand up here so
the jury can see what I mean.  I=m  going to lift my coat up so we can be clear
about what we are talking about, okay?

 

A.     Yes, sir.

 

Q.     Your lower back goes to about right there,
would you say?

 

A.     Yes, sir.

 

Q.     And
my butt ends right here where my legs start off; is that right?

 

A.     Yes.

 

Q.     When
[Connell] was rubbing you, did he ever rub way down here towards the bottom of
your butt?

 

A.     I don=t believe so.

 

Q.     Was
it always up here towards your lower back, up like that where I am patting?

 

A.     Not always. 
Sometimes he would rub a little lower.

 

Q.     Just a little lower, like about there?

 

A.     Yes.

 

Q.     Was that about as low [as] he would go?

 

A.     Every
once in awhile he did go a little lower, I think, on accident or something, he
said.

 








Q.     Okay.  Well, would he reach under the waistband of
your boxers and do that?

 

A.     Sometimes.

 

Q.     . . .
How far, when he pulled your boxers downBit doesn=t
matter whether you did it or because he asked you to or whether he did it.  How far would they come down?  Would they come down to about here?

 

A.     No,
they were lower.  Probably down where,
like you said awhile ago, where your leg starts.

 

Texas law permits courtroom
demonstrations aimed at clarifying a witness=s testimony.  See Lewis v.
State, 486 S.W.2d 104, 106 (Tex. 1972). 
Although each attorney failed to ask that the record reflect the details
of the demonstration indicated by the foregoing excerpts, we are of the opinion
that in viewing the evidence in the light most favorable to the verdict, we
must view those excerpts as supporting the jury=s verdict.  See  Wawrykow v. State, 866 S.W.2d 87, 90
(Tex. App.CBeaumont
1993, pet. ref=d); Rogers
v. State, 756 S.W.2d 332, 336 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d).  I.R. testified that he
understood the difference between his Acrack@ and
anus.  I.R.=s testimony alone was sufficient to support a conviction of indecency
with a child by contact.  See Tex. Code Crim. Proc. Ann. art. 38.07. 








We defer to the jury=s determination and evaluation of I.R.=s credibility and demeanor. 
Resolving all conflicts and ambiguities in the evidence in favor of the
prosecution, we find that there was evidence and reasonable inferences
therefrom upon which a rational trier of fact could have found the essential
elements of a second count of indecency with a child by anal contact beyond a
reasonable doubt.  See Hooper v. State,
214 S.W.3d 9, 15B16 (Tex.
Crim. App. 2007).  Therefore, we overrule
Connell=s second issue.      

4.  Factual Sufficiency - Count Two

In issue six, Connell argues
that the evidence was factually insufficient to support the verdict for the
second count of indecency with a child by contact of I.R.=s anus.  We agree.

Here, during direct
examination, I.R. testified that Connell Acertainly@ touched his
anus one time.  When pressed by the
prosecutor as to whether Connell touched I.R.=s anus a second time, I.R. testified AMaybe more than once.  I=m not really for sure though.@  On cross-examination, I.R.
testified that he was unsure if Connell touched his anus.  On redirect, the prosecutor sought to explain
I.R.=s equivocation:

Q:     Now,
when you testified with me you said during massaging, his hand did contact your
anus hole.

 

A:     Yes.

 

Q.     When
you testified with defense counsel you said you are not sure; is that correct?

 

A.     Yes, sir.








Q.     I will ask you point-blank, is it the heat
of the questions that       changed your
story or is it because you don=t remember?

 

A.     I really don=t
remember that much.

 

I.R.=s mother testified that she was aware of only one incident where
Connell=s hand Aslipped and
went down between [I.R.=s] backside.@  At no point did I.R. testify
that Connell=s hand
touched his anus a second time.  I.R.
testified that Connell=s hand
touched his anus Aon occasion@ but at no point resolved whether a second touching had occurred.   

Bearing in mind that I.R.=s credibility was a matter to be weighed by the jury, we feel that the
inferences required to be made by the jury regarding a second touching of I.R.=s anus, although legally sufficient, are nevertheless so weak that the
jury=s verdict seems manifestly unjust. 
See Watson, 204 S.W.3d at 415. 
I.R. never testified that a second touching occurred, only that a second
touching may have occurred.  Had I.R.
testified that a second touching occurred, then I.R.=s equivocation would bear solely on I.R.=s credibility, a question clearly for the jury to resolve. But that
did not happen here.  The evidence here
was weak enough to undermine confidence in the jury=s determination.








After reviewing the evidence
in a neutral light, we hold that the evidence supporting a second count of
indecency with a child by contact, while legally sufficient, is too weak to
support the conviction.  Reversing the
judgment and ordering a new trial on count two of the indictment is Anecessary to arrest the occurrence of a manifest injustice.@ See Johnson, 23 S.W.3d at 9. 
Connell=s sixth
issue is sustained.

C. Count Five - Genital Contact

 

In issues four and eight,
Connell argues that the evidence was legally and factually insufficient to
support the verdict for count five: indecency with a child by contact of I.R.=s genitals.

Count five centers around an
incident where Connell touched I.R.=s genitals to Acheck for
knots.@  Connell had I.R. remove his
pants after which Connell physically checked I.R.=s testicles for Aknots@ or anything that would cause Aobstructions of sperm.@  Following the inspection,
which turned up no evidence of anything unusual, Connell recommended to I.R.
that he see a doctor.  I.R.=s mother was unaware of and did not give permission for this
examination.








CPS Investigator Leah Warren
testified that Connell admitted touching I.R.=s testicles to check for knots because I.R. had been worried about not
being able to produce sperm.  Although at
his first meeting with CPS Connell denied having ever touched I.R.=s genitals, Connell=s later statement to police indicated that he touched I.R.=s testicles to Acheck for
knots or a reason why he was not able to produce sperm by the age of 14 years.@  I.R.=s mother testified that she was unaware of this incident and never
gave Connell, who possessed no specialized medical training, permission to
touch I.R.=s
genitals.  Although Connell admitted
touching I.R.=s testicles
in his written statement to police, I.R. was unable to remember whether the
examination included manual inspection.

Without repeating our prior
discussions of the evidence of this case, we conclude that the evidence was
both legally and factually sufficient to support the jury=s verdict.  Although Connell
denied in his statement that the touching was done with intent to gratify his
sexual desire, the requisite specific intent for indecency with a child by
contact can be inferred from the defendant=s conduct and remarks and all the surrounding circumstances.  See Robertson, 871 S.W.2d at
705.  An oral expression of intent is not
required; the Aconduct
alone is sufficient to infer intent.@  See Tyler v. State,
950 S.W.2d 787, 789 (Tex. App.CFort Worth 1997, no pet.).   








Viewing the totality of the
evidence in the light most favorable to the jury=s verdict, we find that there was evidence upon which a rational trier
of fact could have found the essential elements of indecency with a child by
contact beyond a reasonable doubt. 
Viewing the evidence in a neutral light, we find that the evidence was
also factually sufficient to support the jury=s verdict.  We overrule Connell=s fourth and eighth issues.

IV. Count Four - Indecency
with a Child by Exposure

In issue three, Connell
argues that the evidence was legally insufficient to support the verdict for
count four: indecency with a child by exposure. 
Connell argues that I.R. and other children, rather than Connell, pulled
down Connell=s pants and,
as such, there was insufficient evidence for the jury to find an essential
element of the charge.  We agree.

A. Applicable Law








Indecency with a child by
exposure consists of the following elements: (1) that the child was within the
protected age group and not married to the accused, (2) that a child was
present, (3) that the accused had the intent to arouse or gratify someone=s sexual desire, (4) that the adult knew that a child was present, and
(5) that the accused exposed his anus or genitals.  See Tex.
Penal Code Ann. '
21.11(a)(2)(A).  The requisite specific
intent to arouse or gratify the sexual desire of a person can be inferred from
conduct, remarks, or all the surrounding circumstances.  See Robertson, 871 S.W.2d at
705.  An oral expression of intent is not
required; the conduct itself is sufficient to infer intent.  See C.F. 897 S.W.2d at 472.  Nor is there a requirement that a male
offender=s penis be erect.  See Barker
v. State, 931 S.W.2d 344, 346B47 (Tex. App.CFort Worth
1996, pet. ref=d).  Exposure has been defined as: ATo deprive of concealment; to disclose or unmask something criminal,
shameful, or the like.@  See Balfour v. State, 993
S.W.2d 765, 769 (Tex. App.CAustin 1999, pet. ref=d).  

B. Application

Here, I.R. testified that
Connell joined in Apantsing@ games with him and other boys whereby participants would Asneak up and pull [each other=s] pants down.@  When asked how often Connell joined these
games, I.R. testified, Anot too much@ but probably more than once. 
I.R. testified that he witnessed Connell=s genitals at one point while the boys were pantsing each other.  I.R. also testified that Connell had
reciprocated the behavior causing I.R. to be exposed.  In his statement, Connell admitted to
wrestling with the boys when, on occasion, Connell=s pants would slip down. 
Connell also stated, AWe would pants each other=s pants down but it didn=t happen very often.@  The record is void of any
evidence that Connell exposed himself to I.R.








 Connell argues that not only was the evidence
insufficient to support a finding of the requisite intent but that the language
of the statute, specifically the clause that the person Aexposes the person=s anus or any part of the person=s genitals,@ required
the jury to determine that Connell exposed himself.  See Tex.
Penal Code Ann. '
21.11(a)(2)(A).  We interpret a statute
in accordance with the plain meaning of its language unless the language is
ambiguous or the plain meaning leads to absurd results.  See Jordan v. State, 36 S.W.3d
871, 873 (Tex. Crim. App. 2001). 
Assuming, without deciding, that the jury inferred the required intent
element from the totality of the evidence, we are unaware of any case in which
an appellant was convicted of indecency with a child by exposure, despite not
having exposed himself.  While Connell=s exposure sounds of negligent or even reckless conduct, it does not
amount to an intentional act of exposure as required by a plain reading of the
statute.  

Viewing the evidence in the
light most favorable to the verdict, it does not support the finding of an
essential element, that Connell exposed himself. Having found the evidence
legally insufficient to support a verdict for indecency with a child by
exposure, we sustain Connell=s third issue.  Because of our
resolution of issue three we need not reach Connell=s seventh issue claiming that there was factually insufficient
evidence of indecency with a child by exposure.

 

 

 

 








 

V.  Conclusion

In conclusion, we reverse the
trial court=s judgment
as to count two in the indictment and remand for further proceedings as to that
count, we reverse the trial court=s judgment as to count four of the indictment and render a judgment of
acquittal as to that count[2],
and we affirm the remainder of the trial court=s judgment.

 

BOB MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT, HOLMAN, and MCCOY, JJ.

 

DAUPHINOT,
J. filed a concurring and dissenting opinion.

 

PUBLISH

 

DELIVERED:
August 2, 2007

 

 

 

 

 

 

 

 

 








 

 




 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-468-CR

 

 

JAY
PRESTON CONNELL                                                      APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT
NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                   CONCURRING
AND DISSENTING OPINION

 

                                              ------------

While I join the majority opinion as to the
offenses of indecency by exposure and indecency by contact with the anus, I
must disagree with the majority=s conclusion that the evidence is legally sufficient to support
Appellant=s conviction
for indecency by contacting the complainant=s genitals because there is legally insufficient evidence of Appellant=s intent to arouse and gratify. 









The thoughtful majority opinion reveals a subtle shift in appellate
courts= view of the burden of proof. 
Perhaps it is in response to a growing societal commitment to protecting
children, but this shift is of constitutional magnitude.  The State bears the burden of proving every
element of the offense alleged beyond a reasonable doubt.[3]  The State=s burden of proof is a constitutional due process protection.  As our sister court in Austin has explained,

The Due Process Clause of the Fourteenth Amendment to the United
States Constitution requires every state criminal conviction to be supported by
evidence that a rational trier of fact could accept as sufficient to prove all
the elements of the offense charged beyond a reasonable doubt. . . .

AIf, based
on all the evidence, a reasonably minded jury must necessarily entertain a
reasonable doubt of the defendant=s guilt, due process requires
that we reverse and order a judgment of acquittal.@  The legal sufficiency of the evidence is a
question of law.[4]

 








This standard of proof beyond a reasonable doubt should be a higher
and more onerous standard than proof by a preponderance of the evidence or by
clear and convincing evidence.[5]  The culpable mental state is an essential
element of a criminal offense.[6]

In Cook v. State,[7]
the Texas Court of Criminal Appeals reminded us that 

the most basic and
fundamental concept of criminal law [is] . . . that in order to constitute a
crime, the act or actus reus must be accompanied by a criminal mind or mens
rea.  Perhaps this concept was best
explained by the United States Supreme Court many years ago in Morissette v.
United States.

 

The
contention that an injury can amount to a crime only when inflicted by
intention is no provincial or transient notion. 
It is as universal and persistent in mature systems of law as belief in
freedom of the human will and a consequent ability and duty of the normal
individual to choose between good and evil . . . .  

 

Our Legislature recognized
this fundamental concept by enacting four separate culpable mental states.  This Court has further recognized that the
scope of those culpable mental states is limited by the type of offense.  In McQueen v. State, we stated that
our analysis of criminal conduct varies according to the Aconduct
elements@ of
the offense.  We stated:








 

. . .  V.T.C.A., Penal Code,
Sec. 6.03 delineates three Aconduct elements@ which may
be involved in an offense:  (1) the
nature of the conduct;  (2) the result of
the conduct;  and (3) the circumstances
surrounding the conduct  . . . .  Any offense may contain any one or more of
these Aconduct elements@ which alone
or in combination form the overall behavior which the Legislature has intended
to criminalize, and it is those essential Aconduct elements@ to which a
culpable mental state must apply.  For
example, where specific acts are criminalized because of their very nature, a
culpable mental state must apply to committing the act itself . . . .  On the other hand, unspecified conduct that
is criminalist because of its result requires culpability as to that result . .
. .  Likewise, where otherwise innocent
behavior becomes criminal because of the circumstances under which it is done,
a culpable mental state is required as to those surrounding circumstances . . .
.[8]








The intent to arouse or gratify the sexual desire of a person is an
essential element of the offense of indecency with a child by contact.[9]  The majority states, AHere, I.R. testified to all the elements of the charged offense.@[10]  The record does not support
this statement.  Indeed, the majority
then concedes that the intent to arouse and gratify could only be
inferred.  Although the majority
correctly points out that A[t]he requisite specific intent for indecency with a child by contact
can be inferred from the defendant=s conduct and remarks and all the surrounding circumstances,@[11] the majority then treats indecency with a child by contact as a
strict liability offense, suggesting that in all cases, Athe conduct itself is sufficient to infer intent.@[12]  

Appellant was convicted of Aintentionally, with the intent to arouse or gratify the sexual desire
of said defendant, engag[ing] in sexual contact by touching any part of the
genitals@ of I.R.  I.R.=s mother testified that she had asked Appellant to serve as a father
figure to I.R.  Specifically, she asked
Appellant to counsel I.R. in sex education. 
As part of the sex education, she anticipated Appellant=s discussing masturbation and intercourse with I.R.  She said that she expected a father figure to
treat the child as he would his own, in most instances.








The only evidence of this offense is Appellant=s statement to Leah Warren, the CPS investigator.  In the statement, Appellant said that he and
I.R. had a father-son relationship and that I.R.=s mother asked Appellant to help I.R. through his years of puberty
because of I.R.=s own father=s advanced age.  In the
statement, Appellant said, AI have [checked] [I.R.]=s testicles to check for knots or [a] reason why he was not able to
produce sperm by the age of 14 years, because it worried him that his friends
could and he could not.@  When he found no abnormality, Appellant
suggested that I.R. contact a doctor if he was still concerned.  This explanation of Appellant=s mens rea was uncontradicted.

The complainant testified on direct examination:

Q: Were you particularly
worried about [whether you could produce sperm] when you were a child?

 

A: Yes, sir, I was.

 

Q: What made you worried
about that?

 

A: I was afraid maybe I
wouldn=t be
able to produce when I get older or something.

 

Q: Did you ever go to
[Appellant] worried about that?

 

A: I remember when he talked
to me about something[.]  I went to my
mom when I was little[,] and I talked to her about it[,] and then she got mad
at me. I can=t
remember.  She said I>m not
supposed to ask her that kind of stuff because she is a girl.

 

Q: Mom didn=t
want to hear about that?

 

A: Yeah.

 

Q: Did you go to [Appellant]
then?

 

A: I believe I did go to him.

 








Q: At any point when you went
to [Appellant], did he inspect you to make sure everything was okay?

 

A: I don=t remember
him inspecting me. 

This is not a case in which the evidence shows a touching or rubbing
or penetration that could only be described as sexually stimulating in
nature.  I.R. did not recall that the
touching happened at all.  Appellant said
in an out-of-court statement that the touching had been to determine if medical
care was required and only because I.R. had voiced his concern and because the
mother had asked Appellant to help I.R. through puberty.  Although I.R. did not remember the touching,
he and his mother both substantiated Appellant=s explanation that he had been asked to help I.R. through puberty and
to discuss sexual matters and that I.R. had gone to him voicing his concern
regarding his ability to produce sperm.








Although the majority correctly states that A[t]he requisite specific intent for indecency with a child by contact
can be inferred from the defendant=s conduct and remarks and all the surrounding circumstances,@[13] we have only Appellant=s explanation of the conduct, remarks, and circumstances.  Additionally, other than the fact that I.R. was
concerned about his ability to produce sperm and Appellant was checking for
abnormalities, we do not know when or where or under what circumstances this
touching happened, except that Appellant suggests that I.R. was fourteen years
old.  There is no evidence that the event
occurred in Tarrant County or even in Texas. 
Appellant did state that, when he found no abnormality, he told
Appellant to see a doctor if he was still concerned.  

Additionally, no evidence corroborates Appellant=s extrajudicial confession.  As
the Texas Court of Criminal Appeals has explained, 

[Every crime] reveals three
component parts, first, the occurrence of the specific kind of injury or loss
(as in homicide, a person deceased; in arson, a house burnt; in larceny,
property missing); secondly, somebody's criminality (in contrast, e.g., to
accident) as the source of the loss,Cthese two together involving
the commission of a crime by somebody; and thirdly, the accused's identity as
the doer of this crime.

 








 In most American jurisdictions, including
Texas, the corpus delicti rule requires some corroboration of the first
two elementsCan
injury or loss and a criminal agentCalthough it does not also
require any independent evidence that the defendant was the criminal
culprit.  Its purpose is to ensure that a
person is not convicted of a crime that never occurred, based solely upon that
person's extra‑judicial confession. 
The rule was not intended, however, to ensure that all confessions are
corroborated in specific details or to ensure that the suspect does not falsely
confess to a crime that did occur but for which he had no culpability.  Thus, it satisfies the corpus delicti rule
if some evidence exists outside of the extra‑judicial confession which,
considered alone or in connection with the confession, shows that the crime
actually occurred.[14]

 

The absence
of independent evidence corroborating Appellant=s extrajudicial confession is yet another basis for holding the
evidence legally insufficient.[15]

Because I
believe that the evidence is legally insufficient to support Appellant=s conviction for indecency by contact with the complainant=s genitals, I would reverse Appellant=s conviction and remand the case to the trial court with instructions
to acquit Appellant of that offense. 
Because the majority does not, I respectfully dissent.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:
August 2, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 43.2(c), 51.2(d); Greene
v. Massey, 437 U.S. 19, 24B25, 98 S. Ct. 2151, 2154B55
(1978); Burks v. United States, 437 U.S. 1, 16B18,
98 S. Ct. 2141, 2150B51
(1978).  





[3]Tex. Penal Code Ann. ' 2.01
(Vernon 2003) (AAll
persons are presumed to be innocent and no person may be convicted of an
offense unless each element of the offense is proved beyond a reasonable doubt.@).   





[4]Reedy
v. State, 214 S.W.3d 567, 579-80 (Tex. App.CAustin
2006, pet. ref=d)
(citations omitted), abrogated on other grounds by Hooper v. State, 214
S.W.3d 9 (Tex. Crim. App. 2007).





[5]Montanez
v. State, 195 S.W.3d 101, 110 (Tex. Crim. App. 2006) (ASatisfying
a burden of proof necessarily involves weighing evidence.  For a preponderance of the evidence, any
evidence that tips the scales is sufficient. 
For evidence to be clear and convincing, it must be >highly
probable or reasonably certain.=  And, as we all know, the highest burden is
beyond a reasonable doubt.@) (footnote omitted).  





[6]Tex. Penal Code Ann. '
6.02(a)-(c) (Vernon Supp. 2006).





[7]884
S.W.2d 485 (Tex. Crim. App. 1994).





[8]Id. at
487 (citations omitted).





[9]Tex. Penal Code Ann. '
21.11(a)(1) (Vernon 2003).





[10]Majority
op. at 9.





[11]Id. at
11.





[12]Id.





[13]Majority
op. at 11.





[14]Salazar
v. State, 86 S.W.3d 640, 644-45 (Tex. Crim. App. 2002)
(footnote omitted).





[15]See
id. at 643; see also Smith v. State, 361 S.W.2d 390, 392 (Tex.
Crim. App. 1962) (reversing statutory rape conviction when the only evidence
that fourteen-year-old had sexual intercourse was father=s
extrajudicial confession).