COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
 2-06-225-CR

 

JOSE ANGEL PEREZ, JR.                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                          I.  Introduction








Appellant Jose Angel Perez,
Jr. appeals from his conviction on one count of aggravated sexual assault of a
child and two counts of indecency with a child by contact.  In four points, Appellant complains that the
evidence is legally and factually insufficient to support his conviction on
each count, that the trial court erred by allowing the State to punish him
twice for the same offense, and that he was deprived of his Sixth Amendment
right of confrontation.  We affirm.

                               II. 
Legal and Factual Sufficiency

In his first two points,
Appellant argues that the evidence adduced at trial was legally and factually
insufficient to support the jury=s verdict on each count.[2]


A.     Standards of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon Supp. 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim.
App. 2000).  Thus, when performing a
legal sufficiency review, we may not re‑evaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact‑finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact‑finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact‑finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414‑15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  To reverse under the
second ground, we must determine, with some objective basis in the record, that
the great weight and preponderance of all the evidence, though legally
sufficient, contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact‑finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact‑finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.     The Counts

In the indictment, the State
charged Appellant with one count of aggravated sexual assault and two counts of
indecency with a child by contact. 








To convict Appellant of
aggravated sexual assault, the State was required to prove that he intentionally
or knowingly penetrated the mouth of a child younger than fourteen years of age
with his sexual organ.  Tex. Penal Code Ann. ' 22.021(a)(1)(B)(ii), (a)(2)(B) (Vernon Supp. 2006).

To convict Appellant of indecency
with a child, the State was required to show that he, with a child younger than
seventeen years of age and not his spouse, engaged in sexual contact or caused
the child to engage in sexual contact.  Id.
' 21.11(a)(1).  ASexual contact@ means (1)
any touching by a person of the anus, breast, or any part of the genitals of a
child; or (2) any touching of any part of the body of a child with the anus,
breast, or any part of the genitals of a person, with the intent to arouse or
gratify the sexual desire in any person. 
Id. ' 21.11(c);
see Santos v. State, 961 S.W.2d 304, 308 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d).  Here, the two indecency
charges stemmed from allegations that Appellant engaged in sexual contact by
(1) touching the breast of the victim, and (2) causing the victim to touch any
part of Appellant=s genitals. 

C.     The Evidence








The complainant in this case
is T.T., a twelve year old girl who, at the time of the incidents in question,
was a friend and classmate of Appellant=s daughter Alyssa.  At trial,
T.T. testified about three separate incidents of sexual abuse she claimed to
suffer at the hands of Appellant.[3]   

T.T. explained that the first
incident occurred when Alyssa invited her over one evening to spend the
night.  T.T. testified that after Alyssa
fell asleep, Appellant entered the girls= room and invited her into his bedroom to play on the computer, to
which she agreed.  T.T. then said that
while she was on the computer Appellant went into his closet and returned
wearing only a robe. According to T.T., Appellant then grabbed her by the hand,
pulled her over to the bed, and began telling her how pretty she looked.  T.T. stated that Appellant Asmelled like beer@ and that he proceeded to force her onto the bed by pushing her down
by the shoulders.  He then unbuttoned her
pajama top and began kissing her neck. 
T.T. stated that Appellant then opened his robe and put his Athing@ in her
mouth.  She also described feeling
something Agooey@ inside of her mouth and stated that she had to go to the bathroom and
wash it off. According to her testimony, at the conclusion of this episode,
Appellant told T.T. to go back in Alyssa=s room and watch television and to not tell anyone about what had
happened. 








T.T. also testified about a
second assault which, according to her, occurred on another day while she was
playing with Alyssa at Appellant=s apartment.[4]  T.T. said that shortly after her arrival,
Appellant appeared and told Alyssa to go take a shower.  According to T.T., while Alyssa was in the
shower, Appellant took her into his bedroom and showed her a new video camera
that he had purchased.  T.T. stated that
Appellant then set the camera up on top of a drawer and began recording.  T.T. testified that Appellant then again
forced her on the bed, unzipped his pants, pulled down his boxers, and put his Athing@ in her
mouth.  She also stated that Appellant
put his hand under her shirt and began fondling her breasts.  According to T.T., the assault ended when
Appellant heard Alyssa exiting the shower. 








The final incident described
by T.T. occurred one day when she met Alyssa at the pool of Appellant=s apartment complex.  On that
occasion, T.T. stated that she asked Appellant, who had accompanied Alyssa to
the pool, if she could use the bathroom in his nearby apartment.  Appellant agreed and followed her to the
apartment.  Once inside, T.T. testified
that Appellant followed her into the bathroom and Aput his thing in my mouth again.@  She also said that, during
this encounter, Appellant took her hands and placed them on his penis. 

In February 2004, Appellant
was evicted from his apartment.  Mandy
Ryan, the complex=s property
manager, testified that shortly after Appellant left the property, she and
other apartment personnel began cleaning out the unit and preparing it for
another tenant.  According to Ryan, this
prompted T.T. to approach her and ask if Appellant still lived on the
property.  After telling her that he did
not, Ryan said that T.T. let out a sigh of relief and said Agood.@  T.T. then told Ryan that Appellant had
previously fondled her breast.  Ryan
responded by informing T.T.=s mother, who, in turn, contacted police.   

D.  Analysis








Appellant now argues that
inconsistencies in T.T.=s recount of
the facts surrounding the alleged sexual misconduct at trial render the
evidence legally and factually insufficient. 
Appellant also argues that T.T. made several inconsistent Aoutcries@ regarding
the abuse prior to trial.  Appellant
claims that these inconsistencies served to impeach her testimony and call into
question her credibility.  In support of
his contentions, Appellant points out that at trial T.T. initially stated that
she could not remember what had happened during the first incident of
abuse.  However, after a short recess,
she was able to provide the jury with all of the details surrounding the
offense.  Appellant also points out that
T.T.=s mother testified that during her discussions with her daughter, T.T.
never informed her of all of the details surrounding the various incidents of
abuse.  Additionally, Virginia Caldwell,
the sexual assault nurse who examined T.T. testified that, in describing the
abuse, T.T. told her that Appellant had also fondled her genitals on top of her
clothing.  Yet, at trial, T.T. stated
that Appellant never touched her anywhere on her genitals. 








Nonetheless, the reconciliation
of evidentiary conflicts is a function solely within the province of the
jury.  Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986).  The
jurors are the exclusive judges of the credibility of the witnesses and the
weight to be given the evidence, and they are free to choose to believe all,
some, or none of it.  Tex. Code Crim. Proc. Ann. art. 38.04; Margraves,
34 S.W.3d at 919.  Further, the testimony
of a child sexual abuse victim alone is sufficient to support a conviction for
aggravated sexual assault and indecency with a child.  Tex.
Code Crim. Proc. Ann. art. 38.07; Perez v. State, 113 S.W.3d 819,
838 (Tex. App.CAustin  2003, pet. ref=d); Tear v. State, 74 S.W.3d 555, 560 (Tex. App.CDallas 2002, pet. ref=d), cert. denied, 538 U.S. 963 (2003).  Courts give wide latitude to testimony given
by a child victim of sexual abuse.  See
Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).  The victim=s description of what happened to her need not be precise, and she is
not expected to express herself at the same level of sophistication as an adult.  See id.  There is no requirement that the victim=s testimony be corroborated by medical or physical evidence.  Garcia v. State, 563 S.W.2d 925, 928
(Tex. Crim. App. 1978); Kemple v. State, 725 S.W.2d 483, 485 (Tex. App.CCorpus Christi 1987, no pet.).  


Applying the appropriate
standards of review to the evidence in this case, we hold that the evidence, as
outlined above, is legally and factually sufficient to support the jury=s verdict on each count.  When
viewed in the light most favorable to the verdict, the evidence supports a
determination beyond a reasonable doubt that Appellant committed aggravated
sexual assault, as well as both counts of indecency with a child.  T.T. testified to three different instances
in which Appellant penetrated her mouth with his penis.  The evidence also shows that while engaging in
this conduct, Appellant touched T.T.=s breasts and caused the child to touch his penis with her hands.  The specific intent to arouse or gratify the
sexual desire of a person can be inferred from a defendant=s conduct, remarks, or all the surrounding circumstances.  McKenzie v. State, 617 S.W.2d 211, 216
(Tex. Crim. App. [Panel Op.] 1981).  Oral
expressions of intent are not required; rather, a defendant=s conduct alone is sufficient to infer intent.  Tyler v. State, 950 S.W.2d 787, 789
(Tex. App.CFort Worth
1997, no pet.).  Accordingly, we conclude
that the evidence is legally sufficient.








Further, we cannot say that
the evidence in this case is so weak that the verdict is clearly wrong and
manifestly unjust nor that the conflicting evidence so greatly outweighs the
evidence supporting the verdict that the jury=s determination is manifestly unjust. 
See Johnson, 23 S.W.3d at 9.  A decision is not manifestly unjust merely
because the jury resolved conflicting views of the evidence in favor of the
State.  Cain, 958 S.W.2d at
410.  Deferring, as we must, to the jury=s resolution of contradictory testimony and evaluation of credibility
and demeanor, we conclude that the evidence, when viewed in a neutral light, is
factually sufficient to support Appellant=s conviction on each count.  See
Johnson, 23 S.W.3d at 9.  Accordingly,
we overrule Appellant=s first two
points.

                                      III.  Double Jeopardy

In his third point, Appellant
contends that the trial court deprived him of his constitutional protections
against double jeopardy by allowing the State to prosecute and punish him twice
for the same offense.  Appellant presents
his argument, in pertinent part, as follows:








Count 1 of the Indictment alleged that there had
been penile penetration of the complainant=s mouth [aggravated sexual
assault].  Count 2 of the Indictment
alleged a touching of the complainant=s breast [indecency with a
child by contact] during the events alleged in Count 1.  Count 3 of the Indictment was waived during
trial.  Count 4 alleged a touching of the
Appellant=s
genitals [indecency with a child by contact]. . . .  With regard to Counts 1 and 4 of the
Indictment it is clear that in order for the[re] to be penetration . . . by the
male sexual organ there must also be touching and hence, contact.  Because Count 4 alleges conduct included
within the act necessary for conviction under Count 1 of the Indictment a
conviction under both counts amounts to double conviction and multiple
punishments for the same act. 

 

The Double Jeopardy Clause of
the United States Constitution provides that no person shall be subjected to
twice having life or limb in jeopardy for the same offense.  U.S.
Const. amend. V.  Generally, this
clause protects against (1) a second prosecution for the same offense after
acquittal, (2) a second prosecution for the same offense after conviction, and
(3) multiple punishments for the same offense. 
Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex
parte Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990) (op. on reh=g).  To determine whether both
offenses are the same, we must examine the elements of the applicable statutes
to determine whether each statute Arequires proof of an additional fact which the other does not.@  Blockburger v. United
States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); see United States
v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993); Parrish v.
State, 869 S.W.2d 352, 353‑55 (Tex. Crim. App. 1994).  At the outset, we note that Appellant admits
in his brief that he did not raise his double jeopardy complaint by way of an
objection in the trial court.  Therefore,
the State argues that Appellant has failed to preserve the issue for our
review. 








Generally, to preserve a
double jeopardy claim, a defendant must object at or before the time the charge
is submitted to the jury.  Gonzalez v.
State, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000).  An Appellant is excused from the preservation
requirement, however, when (1) the undisputed facts show the double jeopardy
violation is clearly apparent on the face of the record and (2) enforcement of
usual rules of procedural default serves no legitimate state interests.  Id. at 643.  We will find a multiple-punishment double
jeopardy violation Aclearly
apparent on the face of the record@ when the record shows multiple punishments resulting from the
commission of a single act that violated two separate penal statutes, one of
which is subsumed in the other.  See
Blockburger, 284 U.S. at 304, 52 S. Ct. at 182; Cervantes v. State, 815
S.W.2d 569, 572 (Tex. Crim. App. 1991).  













Courts have held indecency
with a child to be a lesser included offense of aggravated sexual assault in
certain circumstancesCnamely when
the State uses one act to prove both offenses. 
See, e.g., Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim.
App. 1998); Cunningham v. State, 726 S.W.2d 151, 153 (Tex. Crim. App.
1987); Beltran v. State, 30 S.W.3d 532, 534 (Tex. App.CSan Antonio 2000, no pet.).  For
example, as we explained in Elder v. State, indecency with a child by
touching the child=s genitals
can be a lesser included offense of aggravated sexual assault of a child by
penetrating the child=s sexual
organ if the same act is used to prove both the touching and the
penetration.  132 S.W.3d 20, 23 (Tex.
App.CFort Worth 2004, pet. ref=d), cert. denied, 544 U.S. 925 (2005); see also Hutchins v.
State, 992 S.W.2d 629, 632 (Tex. App.CAustin 1999, pet. ref=d, untimely filed) (holding that indecency by exposure is a lesser
included offense of aggravated sexual assault when the indecency charge is
based on the defendant=s exposure
of his penis in the course of penetrating the victim=s sexual organ).  But when
evidence supporting an indecency charge is not the same as that supporting the
prosecution for aggravated sexual assault, the former will not be deemed to be
a lesser‑included offense of the latter, and both may be prosecuted
without violating the double jeopardy clause. 
See, e.g., Bottenfield v. State, 77 S.W.3d 349, 358 (Tex. App.CFort Worth 2002, pet. ref=d), cert. denied, 539 U.S. 916 (2003) (evidence showed
appellant touched victim=s Awinkie@ twice, thus
supporting convictions for both aggravated sexual assault and indecency); Patterson
v. State, 96 S.W.3d 427, 432 (Tex. App.CAustin 2002) (holding that two separate acts of penetration supported
convictions for aggravated sexual assault by penetration and by contact),
aff'd, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); Murray v. State, 24
S.W.3d 881, 889 (Tex. App.CWaco 2000, pet. ref=d) (holding that defendant may be convicted of both indecency and
aggravated sexual assault when evidence indicates that defendant penetrated
victim=s female sexual organ with his fingers and touched her genitals with
his tongue).

Here, the face of the record
fails to show a double jeopardy violation because the record does not clearly
indicate that the State was relying upon the same act to prove both Count 1
(aggravated sexual assault) and Count 4 (indecency with a child by
contact).  At trial, T.T. testified that
Appellant penetrated her mouth with his penis on three separate occasions and
that during one of those instances he forced her to touch his penis with her
hands.  This is evidence showing that
Appellant committed more than one sexual offense against the child.  Compare Tex. Penal Code Ann. ' 21.11(a)(1), (c)(2) with id. ' 22.021(a)(1)(B)(ii), (a)(2)(B). 
Therefore, we cannot conclude that error is clearly apparent on the face
of the record.  Because Appellant has
failed to meet the first prong of the exception to the preservation requirement
set forth by Gonzalez, see 8 S.W.3d at 643, we overrule Appellant=s third point.

                            IV. 
Confrontation Clause & Hearsay








In his fourth point,
Appellant argues that the trial court deprived him of his constitutional right
of confrontation by allowing Virginia Caldwell, the sexual abuse nurse who
examined T.T., to testify as to the child=s description of the sexual abuse. 
Appellant also argues that her testimony constituted hearsay and that
T.T.=s statements to Caldwell did not qualify as an Aoutcry.@  See Tex.
Code Crim. Proc. Ann. art. 38.072. 
However, we need not address these contentions because Appellant=s trial counsel failed to preserve error.

In order to preserve error
for appellate review, Appellant must make a proper and specific objection and
receive an adverse ruling on that objection. Tex.
R. App. P. 33.1.  In his brief,
Appellant asserts that Caldwell testified Aover the Appellant=s continuing, running objection on the basis of hearsay which was
overruled.@  We have thoroughly reviewed the record and
have found no such objection to Caldwell=s testimony.  Additionally,
Appellant did not object on the basis of the confrontation clause or other any
grounds.  See Wright v. State, 28
S.W.3d 526, 536 (Tex. Crim. App. 2000), cert. denied, 531 U.S. 1128
(2001) (requiring an objection in the trial court to preserve a confrontation
clause complaint for appellate review). 
Therefore, his complaints are forfeited, and we overrule Appellant=s fourth point.

                                          V.  Conclusion

Having overruled all of
Appellant=s points, we
affirm the trial court=s
judgment.                         

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH








Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 20, 2007











[1]See Tex. R. App. P. 47.4.





[2]Only
three of the original seven counts alleged in the indictment were tried and
submitted to the jury.





[3]The
record reflects that all of these incidents occurred at Appellant=s
apartment, which was located in Tarrant County, Texas.  Additionally, T.T. testified that at the time
of the alleged sex abuse, she was Aabout nine or ten@
years old and unmarried.    





[4]T.T.
explained that she went over to the apartment thinking that Appellant was not
home because his car was not in the apartment complex parking lot.