**Howard TYLER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–305–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 14, 1997.

Rehearing Overruled Sept. 18, 1997.

Lawrence C. Collister, Philips, Hopkins, Eames, Shelton, Cobb & Perritt, P.C., Denton, for appellant.

Bruce Isaacks, Criminal District Attorney, Dawn A. Moore, Paul Johnson, Jim Crouch, Lisa Decker, Assistant District Attorneys, Denton, Matthew Paul, State Prosecuting Attorney, Austin, for State.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Howard Tyler was convicted by a jury of the offense of indecency with a child upon his plea of not guilty in this cause and acquitted of indecency with a second child. The judge sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Imposition of sentence was suspended for a period of ten years and Appellant was placed on community supervision. Appellant appeals bringing a single point of error. He argues that the evidence was legally insufficient to support the jury's verdict. Because we find the evidence sufficient, we overrule his single point of error and affirm the conviction.

## LEGAL SUFFICIENCY

### Standard of Review

■ In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict.[1] The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] This standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[3]

■ The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence.[4] The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt.[5]

■ In determining the legal sufficiency of the evidence to show Appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution."[6]

### Analysis

■ A.T., a six-year-old girl, went to Appellant's house with her sister and a friend to pick pears. A.T. testified that Appellant offered to lift A.T. so that she could reach the higher pears, and that while he lifted her he put his fingers inside her underwear and "felt of" her. A.T.'s sister, D.T., testified that she had previously told the prosecutor that she saw Appellant's fingers "go inside" of A.T.'s shorts. A.T.'s friend, J.J., testified that Appellant had lifted her up to pick pears and that he had put his fingers inside her underwear as well.

The following exchange took place between the prosecutor and J.J.:

Q. So you felt his fingers *on* your vagina [sic]?

A. Yeah.

Q. That's where you wee-wee; is that right?

1. See Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim.App.1992), cert. denied, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

2. See Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim.App.1994), cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995).

3. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

4. See Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim.App.1991); Wicker v. State, 667 S.W.2d 137, 143 (Tex.Crim.App.), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

5. See Matson, 819 S.W.2d at 846.

6. Matson, 819 S.W.2d at 846.

A. Uh-huh. [Emphasis added.]

The prosecutor questioned A.T. as follows:

Q. [A.T.], when you said that Howard Tyler's finger went across your vagina, is that where you go to the bathroom?

A. Yes.

Q. Is that where you wee-wee?

A. Yes.

Q. Okay. And they stayed there for a little bit and he moved them around—moved his fingers on your vagina; is that right?

A. Yes.

We find the evidence sufficient to show that Appellant intentionally and knowingly engaged in sexual contact with A.T. by touching her genitals. We would point out, however, that the vagina is an internal organ. It is a canal that leads from the uterus of a female mammal to the external orifice of the genital canal.[7] The hymen lies at the entrance to the vaginal canal. The vagina, therefore, cannot be brushed by the fingers unless the fingers penetrate the hymen. Nor is the vagina "where you wee-wee." The canal for the discharge of urine is the urethra. While the orifice of the urethra lies near the vaginal opening, it is separate and distinct from it.

The description of Appellant's acts provided by A.T. and J.J., even in light of the incorrect terminology supplied by the prosecutor, shows that Appellant touched A.T.'s genitals by fondling her labia. The labia are not the vagina, but they are clearly part of the female genitalia.

Because the indictment and the statute refer generically to genitals, the inaccurate anatomical references do not undermine the sufficiency of the evidence. Had the indictment pled the act more specifically, or were

we under the old rape statute which required penetration of the vagina, the incorrect terminology could well have resulted in the State's inability to prove the elements of the offense actually alleged.[8]

 Appellant also argues that the evidence is legally insufficient to show that the touching was with intent to arouse and gratify the sexual desire of Appellant. The requisite specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances.[9] An oral expression of intent is not required. The conduct alone is sufficient to infer intent.[10]

Viewing Appellant's conduct and all the surrounding circumstances, we note that Appellant offered to lift A.T. and, while lifting her, slipped his fingers inside her panties. He offered to lift the second girl and slipped his fingers inside her panties. There was evidence that in both instances Appellant had rubbed the genital area with his fingers. Appellant was acquitted of indecency with the child J.J. The jury obviously took their duty very seriously, weighed the evidence, observed the witnesses, determined the credibility of each and the weight to be given to their testimony. We find that there was evidence upon which a rational trier of fact could have found the essential elements of indecency with a child beyond a reasonable doubt. Appellant's sole point of error is overruled. We affirm the judgment of the trial court.

7. See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2528 (1981); see also TABER'S CYCLOPEDIC MEDICAL DICTIONARY V–5 (13th ed.1977).

8. We make a point of the importance of correct anatomical references because we repeatedly see references to "touching on the vagina," "brushing the vagina," and other physical improbabilities in both statements of fact and appellate briefs.

9. See McKenzie v. State, 617 S.W.2d 211, 216 (Tex.Crim.App. [Panel Op.] 1981).

10. See Gerhardt v. State, 935 S.W.2d 192, 194 (Tex.App.—Beaumont 1996, no pet.); C.F. v. State, 897 S.W.2d 464, 472 (Tex.App.—El Paso 1995, no pet.).