NUMBER 13-01-297-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



 EDUARDO LOPEZ MARTINEZ , Appellant, 

v.


THE STATE OF TEXAS , Appellee.



On appeal from the 36th District Court

of San Patricio County, Texas.




O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Kennedy (1)

Opinion by Justice Kennedy


Appellant was convicted in a bench trial of indecency with a child. The indictment alleged that appellant touched the
breast of a child under the age of seventeen. After she found appellant guilty, the trial judge assessed punishment at
confinement for ten years. This appeal brings two points of error alleging factual and legal insufficiency of the evidence to
support the conviction.

The thrust of appellant's argument is that the insufficiency alleged is the failure of the State to prove the element "with
intent to arouse and gratify the sexual desire of [appellant]," which was alleged in the indictment. The State's evidence
consisted of the testimony of the victim that appellant touched her breast while her mother was away, together with the
testimony of the victim's mother that the victim reported this to her as soon as she [the mother] returned home. The State
also presented the testimony of an examining nurse who related that the victim told her that appellant had touched her
"here," and when questioned further said that "here" meant her breast. In addition, a Texas Ranger provided a statement of
appellant which he had taken in which appellant admitted having touched the victim's breast.

As would be expected, no one testified that appellant had touched the victim's breast with intent to arouse and gratify
appellant's sexual desires. (2)

Nor was such testimony necessary. The requisite specific intent to arouse or gratify the sexual desire of any person can be
inferred from the defendant's conduct, his remarks and all surrounding circumstances. McKenzie v. State, 617 S.W.2d 211,
216 (Tex. Crim. App. 1981). An oral expression of intent is not required. The conduct alone is sufficient to infer intent. 
Tyler v. State, 950 S.W.2d 787, 789 (Tex. App.-Fort Worth 1997, no writ).

To determine whether the evidence is legally sufficient to support the verdict, we view the evidence in the light most
favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318- 319 (1979); Weightman v. State, 975 S.W.2d 621, 624
(Tex. Crim. App. 1998). In a factual sufficiency review, we examine all of the evidence impartially and set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

Appellant's evidence consisted solely of his own testimony in which he denied his guilt. This testimony somewhat clouded
the statement he had given the Ranger. The judge chose to believe the State's witnesses. We do not sit as a thirteenth juror
and re-weigh the evidence. Blankenship v. State, 780 S.W.2d 198, 207 (Tex. Crim. App. 1988). The evidence is neither
legally nor factually insufficient to prove appellant's guilt beyond a reasonable doubt. We overrule both points of error and
AFFIRM the judgment of the trial court.



NOAH KENNEDY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 14th day of February, 2002.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas purusant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. However, the victim's mother testified that when she confronted appellant after the incident he said he was sorry and
would not do it again.