02-10-029-CR.PDR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00029-CR

 

 


 
 
 Jonathan Paul Sikes
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 297th
District Court OF Tarrant COUNTY

----------

MEMORANDUM OPINION[1] ON APPELLANT’S

PETITION FOR
DISCRETIONARY REVIEW

----------

After
considering Appellant’s petition for discretionary review, filed August 8,
2011, we withdraw our opinion and judgment of April 7, 2011, and substitute the
following.

A
jury convicted Appellant Jonathan Paul Sikes of four counts of aggravated
sexual assault of a child under fourteen years of age and two counts of
indecency with a child by contact.  The jury assessed punishment at twelve
years’ confinement for each aggravated sexual assault of a child conviction and
five years’ confinement for each indecency with a child by contact conviction. 
The trial court sentenced Appellant accordingly and ordered him to serve the
sentences consecutively.  Appellant brings twenty-seven issues on appeal,
challenging the sufficiency of the evidence to support his convictions; arguing
that the jury was allowed to convict on each count with less than a unanimous
verdict; contending that his convictions for aggravated sexual assault of a
child in count one and indecency with a child in count six violated double
jeopardy protections of the Texas Constitution (but making no argument based on
the federal constitution); and complaining that the trial court abused its
discretion by admitting his letter to his father.  Because the evidence is
sufficient to support all the convictions, because no double jeopardy violation
is apparent on the face of the record, because the jury charge did not
improperly allow a non-unanimous verdict, and because the trial court did not
abuse its discretion by admitting the letter, we affirm the trial court’s
judgment.

Statement
of Facts

The
complainant, K.S., described sexual abuse that began when Appellant, her
half-brother, was sixteen years old.  Because Appellant was a juvenile until
his seventeenth birthday, the jury was instructed that they could convict only
of offenses that Appellant committed on or after his seventeenth birthday.  At
trial, K.S. testified that one night when she was ten and Appellant was
sixteen, she got up in the middle of the night to get some water from the
kitchen, passing the living room on the way, and then returned to her room. 
Appellant came into her room and told her to come into the living room with
him.  When K.S. went into the living room, she saw that Appellant was watching
“porn.”  Appellant left the room for a while, returned, and then eventually
moved to sit next to K.S. on the couch.  K.S. testified that Appellant began to
“fondle with [her] vagina [sic],”[2] then took off her
clothes, and “start[ed] to have intercourse with [her].”

K.S.
testified that after that occasion, she had sex with Appellant on “[a]verage
two to three times a month.”  When asked if she remembered “any other specific
instances of what he would do to [her],” she testified that in addition to
vaginal sex, they had anal sex “multiple times” and that with respect to oral
sex, “hi[s] contacting his penis to [her] mouth” happened “about five times”
and “hi[s] using his mouth on [her] vagina [sic]” happened about the same
number of times.

K.S.
also testified that she woke up one night with Appellant on top of her and
holding a knife to her throat, telling her that if she told anyone what was
going on, he would kill her.  When K.S. was thirteen, Appellant moved out of
the house.

In
the spring of 2005, when K.S. was a freshman in high school, she told her
friend L.A. about what had happened, and L.A. told the school counselor.  CPS
was contacted, and K.S. gave a statement to CPS in June 2005.

The
indictment reveals that Appellant was born September 13, 1984.  The indictment
charges (1) that Appellant committed sexual assault by penis-to-female-sexual-organ
contact, penis-to-anus contact, mouth-to-female-sexual-organ contact, and penis-to-mouth
contact against K.S. and (2) that he committed indecency with a child under the
age of seventeen years by touching her breast and “by touching any part of [her]
genitals.”  All the indicted acts were alleged to have occurred on or about May
1, 2003.

During
trial, over Appellant’s objection, the trial court admitted into evidence a
letter that he had written to his father after his arrest.  In the letter,
Appellant stated, “I know that I really hurt you in the past,” and “I truely
[sic] am sorry.”

Sufficiency
of the Evidence

In
his first twelve issues, Appellant challenges the legal and factual sufficiency
of the evidence to support his six convictions.  After the parties briefed this
case on appeal, the Texas Court of Criminal Appeals held “that there is no
meaningful distinction between a Clewis factual sufficiency standard and
a Jackson v. Virginia legal-sufficiency standard” and that

the Jackson v.
Virginia standard is the only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt.  All other cases to the contrary, including Clewis, are
overruled.[3]

Accordingly,
we apply the Jackson standard of review to Appellant’s sufficiency
complaints.  In our due-process review of the sufficiency of the evidence to
support a conviction, we view all of the evidence in the light most favorable
to the prosecution to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.[4]

We must
remember that the Jackson standard is not a no-evidence standard.  In
her concurring opinion, Judge Cochran reminds us that

Texas courts were prohibited from applying a “no evidence”
standard of review to a legal-sufficiency challenge because that standard
affords “inadequate protection against potential misapplication of the
reasonable-doubt standard” in criminal cases.  In 1989, [the Texas Court of
Criminal Appeals] explained, “Adherence to the no evidence standard is now, and
has been for the last decade, expressly forbidden by Jackson.  It is no
longer permissible to merely quote the Jackson standard and then to turn
around and apply the Thompson no evidence standard as we have
historically done.”[5]

Appellant
argues that the evidence is insufficient to prove the elements of each offense
alleged in counts one through six because the testimony comprised evidence of
offenses that occurred before Appellant turned seventeen years of age.  The
State was required to prove that the offenses occurred after Appellant became
an adult for purposes of legal prosecution.[6]  Appellant points out
that K.S. described only three specific instances of “sexual contact,” once
when she was ten and Appellant was fifteen or sixteen, “. . . one time, [K.S.
and Appellant] were in his room . . . ,” and “one time [she] woke up . . . .” 
As Appellant alleges, the first described incident occurred when he was clearly
a juvenile, and no time frame was given for the other two events.  Appellant
argues that consequently there was no evidence that either of those events
occurred after his seventeenth birthday.  Appellant further states that
“[w]ithout alluding to a single specific incident, [K.S.] . . . testified that
after [he] turned 17 years old, he contacted his penis to her vagina [sic],
contacted his penis to her anus, contacted his penis to her mouth, contacted
his mouth to her vagina [sic], touched her breasts and touched her vagina [sic]
. . . [;o]ther than [K.S.’s] conclusory statement that it happened, there is
absolutely no evidence in the record that any abuse occurred after Appellant’s
17th birthday.”

The
State argues that K.S. had told her two friends of the abuse and had confirmed
it to CPS workers and to the police.  K.S. told the CARE team that Appellant
had sexually abused her eight to ten times, beginning when she was about ten
years old until she was thirteen years old.  In response to Appellant’s
argument that K.S.’s testimony was conclusory with no additional corroborating
details and insufficient because it failed to allude to a specific incident,
the State points out that it is the jury who must determine the credibility of
the witnesses and the weight to be given to their testimony.[7] 
The law permits wide latitude in evaluating the testimony of a child witness
who is the complainant in a sexual abuse case, as opposed to a capital murder
case, a robbery case, a murder case, or any other case.[8] 
The same latitude appears to be granted to an adult testifying about events
that occurred in childhood, as in this case.[9]  Here, K.S. was nineteen
years old when she testified about the events for which Appellant was
convicted.  If the jurors determined that the evidence was sufficient to
convince them beyond a reasonable doubt that the offenses occurred, the
evidence is sufficient under the law.[10]

The
jury also heard testimony from two of K.S.’s friends, her school counselor, two
CPS investigators, and a doctor from the CARE team describing K.S.’s report to
them.  Additionally K.S. testified that the assaults occurred two to three
times a month after Appellant turned seventeen years old until he moved out of
the home when he was nineteen years old.  While this testimony may seem
inconsistent with her testimony that it happened only approximately ten times
from the time it began, the jury alone was responsible for determining the
credibility of the witnesses and resolving any conflicts in the evidence.[11]

Additionally,
as the State points out, the State is not required to plead and prove any
specific date in a child sexual abuse case.  The “on or about” language of the
indictment allows the State to prove, without apparent regard for the evidence
presented to the grand jury, any date within the statute of limitations, so
long as it is anterior to the presentment of the indictment.[12]

We hold
that because current law allows such latitude in proving sexual offenses
against children, as opposed to the standards applied to other offenses, the
evidence is sufficient under the Jackson standard to support the
verdicts.  We overrule Appellant’s first twelve issues.

Double
Jeopardy

In
issues twenty-five and twenty-six, Appellant argues that his conviction for
aggravated sexual assault of a child in count one and his conviction for
indecency with a child in count six violate double jeopardy protections.  The
allegation that Appellant intentionally or knowingly caused K.S.’s sexual organ
to contact his sexual organ, as provided in count one, and the allegation in
count six that Appellant did then and there intentionally with intent to arouse
or gratify sexual desire engage in sexual contact by touching any part of her
genitals may both be proved by evidence of penis-to-female sexual organ
contact.

The
Texas Court of Criminal Appeals has held that, despite the fact that indecency,
unlike sexual assault, requires evidence of intent to arouse and gratify the
sexual desire of any person, “indecency with a child is a lesser-included
offense of aggravated sexual assault of a child where both charges are based on
the same incident.”[13] 
In its discussion, the Evans court referred to the earlier decision in Ochoa
v. State[14] and noted with
approval Judge Keller’s concurring opinion that discussed the double jeopardy
implications of charging a defendant with two different statutes for the same
incident.[15]  But because Appellant did not raise his double jeopardy
complaint at the trial level, he was required to show that a double jeopardy
violation was apparent from the face of the record in order to raise his
complaint for the first time on appeal.[16]

Although
the indictment is not a model pleading, there is testimony of both contact and
touching from which the jury could conclude beyond a reasonable doubt that
after his seventeenth birthday, Appellant touched K.S.’s genitals with
something other than his mouth or penis.

Dr.
Jamye Coffman, who was part of the CARE team that examined K.S., testified over
objection to the medical history K.S. provided.  In response to the question
about K.S.’s statements about vaginal contact Coffman testified,

A.      She
said yes to penis contacting the vagina [sic], which she had already said, and
then yes to the finger or hand contacting the vagina [sic], and then no to any
object.

. . . .

Q.      And
when somebody says they touched my vagina or placed a penis against my vagina,
does that mean her sexual organ was contacted?

A.      Yes.

Because
there is evidence from which the jury could conclude that, after his
seventeenth birthday, Appellant touched K.S.’s female sexual organ with
something other than his mouth or penis (that is, his finger or hand), it is
not apparent from the face of the record that the jury necessarily convicted
Appellant of both contacting K.S.’s sexual organ with his penis or mouth and
touching her sexual organ with his penis or mouth in the same incident.  Consequently,
we hold that Appellant has forfeited his double jeopardy complaint.[17] 
We overrule his twenty-fifth and twenty-sixth issues.




Unanimous
Verdicts

Appellant
argues in his thirteenth, fifteenth, seventeenth, nineteenth, twenty-first, and
twenty-third issues that he was denied his right to a unanimous jury verdict
under the Sixth Amendment to the Constitution of the United States.  The State
argues that he has no federal right to a unanimous jury verdict.[18] 
The State relies on a majority holding that the Sixth Amendment does not
require conviction by a unanimous verdict in a state court.[19] 
We overrule those issues.

In
his fourteenth, sixteenth, eighteenth, twentieth, twenty-second, and
twenty-fourth issues, Appellant contends that the jury charge allowed him to be
convicted on nonunanimous verdicts in violation of the Texas Constitution.  The
State concedes that a jury verdict in a criminal case is required to be
unanimous under the Texas Constitution.[20]  Unanimity means that
the jurors must agree that the defendant committed the criminal act alleged.[21] 
While it is required that the jury unanimously agree that the defendant
committed the specific criminal act, the jury is not required to agree on
manner and means, so long as the possible manner and means is properly pled in
the charging instrument.[22]

Here,
the trial court provided separate verdict forms for each separate offense
alleged.  The jurors were instructed that their verdicts must be unanimous as
to each count.  The State contends that Appellant appears to argue that the
verdicts may not have been unanimous because the jurors could have disagreed on
the specific incident the verdict form referred to.  The State was not asked to
make an election, and the State was not ordered to make an election.  K.S.
testified that the same events occurred more than one time within the statute
of limitations, and prior to the return of the indictment.  The State points
out that regarding jury unanimity, the Dixon v. State court
stated,

We likewise perceive
no risk that the present case led to a non-unanimous verdict.  The only
distinguishing detail among the one hundred offenses is that one occurred
during the day, while all the others happened at night.  The difference is the
result of a single line of the child’s testimony—in fact, the use of a single
word, “daytime,” as denoting one of those hundred incidents.  But there is
simply no basis in the record for the jury to believe that one incident
occurred during the day but that none occurred at night.  The nighttime
scenario being typical (ninety-nine out of one hundred), it is obvious from
this record that anyone who believed the complainant’s allegations in any
respect would believe that sexual assaults occurred at night.[23]

We
note that the jury was instructed that the verdicts must be unanimous, and we
presume that the jury followed the instruction.[24] 
We hold that there was no error in the charge relating to jury unanimity.  We
overrule Appellant’s fourteenth, sixteenth, eighteenth, twentieth,
twenty-second, and twenty-fourth issues.

Admission
of Appellant’s Letter

In
his twenty-seventh issue, Appellant argues that the trial court abused its
discretion by admitting into evidence a letter that he wrote to his father
about six months after Appellant was incarcerated on the charges in this case. 
Appellant wrote that he was “sorry for all the harm that [he had] cause[d]
everyone,” he knew that he had “really hurt [his father] in the past,” “[i]t
took almost 5 months to figure out what to say,” and “[Appellant] love[s] [his
father] and everyone that [Appellant has] hurt.”  Appellant objected that the
letter was hearsay because the recipient of the letter was deceased and that it
was not relevant, and he also objected to its “probative and prejudicial
effect.”  The trial court overruled the objections.  But Appellant neither
requested nor received a running objection to the evidence.  When the State
questioned Robin Sikes, Appellant’s stepmother, about the letter and had her
read the letter to the jury, Appellant made no further objection.

To
preserve error, a party must continue to object each time the objectionable
evidence is offered.[25]  A trial court’s
erroneous admission of evidence will not require reversal when other such
evidence was received without objection, either before or after the complained-of
ruling.[26]  This rule applies
whether the other evidence was introduced by the defendant or the State.[27] 
Consequently, we hold that Appellant forfeited any error in the admission of
the letter and overrule his twenty-seventh issue.

Conclusion

Having
overruled all of Appellant’s twenty-seven issues, we affirm the trial court’s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

PANEL: 
DAUPHINOT, MEIER, and GABRIEL, JJ.

GABRIEL,
J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

DELIVERED:  October 6, 2011









[1]See Tex. R. App. P. 47.4.





[2]See Tyler v. State,
950 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, no pet.) (“[T]he vagina is an
internal organ.  It is a canal that leads from the uterus of a female mammal to
the external orifice of the genital canal.”) (citations omitted).





[3]Brooks v. State,
323 S.W.3d 893, 912 (Tex. Crim. App. 2010).





[4]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).





[5]Brooks, 323 S.W.3d
at 916–17 (Cochran, J., concurring) (footnotes omitted).





[6]See Tex. Penal Code
Ann. § 8.07(b) (West 2011).





[7]See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[8]See, e.g., Klein
v. State, 273 S.W.3d 297, 303 (Tex. Crim. App. 2008).





[9]See, e.g., Revels v.
State, 334 S.W.3d 46, 48–50, 52–53 (Tex. App.—Dallas 2008, no pet.).





[10]See generally Sledge
v. State, 953 S.W.2d 253 (Tex. Crim. App. 1997); see also Villalon
v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).





[11]See Tex. Code
Crim. Proc. Ann. art. 38.04; Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Brown, 270 S.W.3d at 568; Clayton, 235 S.W.3d at 778.





[12]Sledge, 953 S.W.2d
at 256.





[13]Evans
v. State, 299 S.W.3d 138, 143 &
n.6 (Tex. Crim. App. 2009).





[14]Id. at 141–43; Ochoa
v. State, 982 S.W.2d 904, 908 (Tex. Crim. App.
1998) (concluding that indecency with a child is a lesser-included offense of
aggravated sexual assault of a child when both charges are based on the same
incident).





[15]Evans,
299 S.W.3d at 141–43; Ochoa, 982 S.W.2d at 911 (Keller, J., concurring) (noting that charging Ochoa with
two different offenses for the same incident was a double jeopardy violation).





[16]See Bigon v.
State, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008).





[17]See Langs v. State,
183 S.W.3d 680, 687 (Tex. Crim. App. 2006).





[18]Apodaca v. Oregon,
406 U.S. 404, 409–13, 92 S. Ct. 1628, 1632–34 (1972).





[19]See id.





[20]See Tex. Const.
art. V, § 13; Pizzo v. State, 235 S.W.3d 711, 714 (Tex. Crim. App.
2007).





[21]Ngo v. State, 175
S.W.3d 738, 745 (Tex. Crim. App. 2005).





[22]Pizzo, 235 S.W.3d
at 714–15.





[23]201 S.W.3d 731, 735 (Tex.
Crim. App. 2006).





[24]See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998).





[25]Martinez v. State,
98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); Fuentes v. State, 991
S.W.2d 267, 273 (Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999).





[26]Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998).





[27]Id.