

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-10-00029-CR

JONATHAN PAUL SIKES          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

----------

After considering Appellant's petition for discretionary review, filed August 8, 2011, we withdraw our opinion and judgment of April 7, 2011, and substitute the following.

A jury convicted Appellant Jonathan Paul Sikes of four counts of aggravated sexual assault of a child under fourteen years of age and two counts

---

[1]*See* Tex. R. App. P. 47.4.

of indecency with a child by contact. The jury assessed punishment at twelve years' confinement for each aggravated sexual assault of a child conviction and five years' confinement for each indecency with a child by contact conviction. The trial court sentenced Appellant accordingly and ordered him to serve the sentences consecutively. Appellant brings twenty-seven issues on appeal, challenging the sufficiency of the evidence to support his convictions; arguing that the jury was allowed to convict on each count with less than a unanimous verdict; contending that his convictions for aggravated sexual assault of a child in count one and indecency with a child in count six violated double jeopardy protections of the Texas Constitution (but making no argument based on the federal constitution); and complaining that the trial court abused its discretion by admitting his letter to his father. Because the evidence is sufficient to support all the convictions, because no double jeopardy violation is apparent on the face of the record, because the jury charge did not improperly allow a non-unanimous verdict, and because the trial court did not abuse its discretion by admitting the letter, we affirm the trial court's judgment.

**Statement of Facts**

The complainant, K.S., described sexual abuse that began when Appellant, her half-brother, was sixteen years old. Because Appellant was a juvenile until his seventeenth birthday, the jury was instructed that they could convict only of offenses that Appellant committed on or after his seventeenth birthday. At trial, K.S. testified that one night when she was ten and Appellant

2

was sixteen, she got up in the middle of the night to get some water from the kitchen, passing the living room on the way, and then returned to her room. Appellant came into her room and told her to come into the living room with him. When K.S. went into the living room, she saw that Appellant was watching "porn." Appellant left the room for a while, returned, and then eventually moved to sit next to K.S. on the couch. K.S. testified that Appellant began to "fondle with [her] vagina [sic],"[2] then took off her clothes, and "start[ed] to have intercourse with [her]."

K.S. testified that after that occasion, she had sex with Appellant on "[a]verage two to three times a month." When asked if she remembered "any other specific instances of what he would do to [her]," she testified that in addition to vaginal sex, they had anal sex "multiple times" and that with respect to oral sex, "hi[s] contacting his penis to [her] mouth" happened "about five times" and "hi[s] using his mouth on [her] vagina [sic]" happened about the same number of times.

K.S. also testified that she woke up one night with Appellant on top of her and holding a knife to her throat, telling her that if she told anyone what was going on, he would kill her. When K.S. was thirteen, Appellant moved out of the house.

---

[2]*See Tyler v. State,* 950 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, no pet.) ("[T]he vagina is an internal organ. It is a canal that leads from the uterus of a female mammal to the external orifice of the genital canal.") (citations omitted).

3

In the spring of 2005, when K.S. was a freshman in high school, she told her friend L.A. about what had happened, and L.A. told the school counselor. CPS was contacted, and K.S. gave a statement to CPS in June 2005.

The indictment reveals that Appellant was born September 13, 1984. The indictment charges (1) that Appellant committed sexual assault by penis-to-female-sexual-organ contact, penis-to-anus contact, mouth-to-female-sexual-organ contact, and penis-to-mouth contact against K.S. and (2) that he committed indecency with a child under the age of seventeen years by touching her breast and "by touching any part of [her] genitals." All the indicted acts were alleged to have occurred on or about May 1, 2003.

During trial, over Appellant's objection, the trial court admitted into evidence a letter that he had written to his father after his arrest. In the letter, Appellant stated, "I know that I really hurt you in the past," and "I truely [sic] am sorry."

**Sufficiency of the Evidence**

In his first twelve issues, Appellant challenges the legal and factual sufficiency of the evidence to support his six convictions. After the parties briefed this case on appeal, the Texas Court of Criminal Appeals held "that there is no meaningful distinction between a *Clewis* factual sufficiency standard and a *Jackson v. Virginia* legal-sufficiency standard" and that

> the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is

4

required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled.[3]

Accordingly, we apply the *Jackson* standard of review to Appellant's sufficiency complaints. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

We must remember that the *Jackson* standard is not a no-evidence standard. In her concurring opinion, Judge Cochran reminds us that

> Texas courts were prohibited from applying a "no evidence" standard of review to a legal-sufficiency challenge because that standard affords "inadequate protection against potential misapplication of the reasonable-doubt standard" in criminal cases. In 1989, [the Texas Court of Criminal Appeals] explained, "Adherence to the no evidence standard is now, and has been for the last decade, expressly forbidden by *Jackson*. It is no longer permissible to merely quote the *Jackson* standard and then to turn around and apply the *Thompson* no evidence standard as we have historically done."[5]

Appellant argues that the evidence is insufficient to prove the elements of each offense alleged in counts one through six because the testimony comprised evidence of offenses that occurred before Appellant turned seventeen years of age. The State was required to prove that the offenses occurred after Appellant

---

[3]*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

[4]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[5]*Brooks*, 323 S.W.3d at 916–17 (Cochran, J., concurring) (footnotes omitted).

became an adult for purposes of legal prosecution.[6]  Appellant points out that K.S. described only three specific instances of "sexual contact," once when she was ten and Appellant was fifteen or sixteen, ". . . one time, [K.S. and Appellant] were in his room . . . ," and "one time [she] woke up . . . ."  As Appellant alleges, the first described incident occurred when he was clearly a juvenile, and no time frame was given for the other two events.  Appellant argues that consequently there was no evidence that either of those events occurred after his seventeenth birthday.  Appellant further states that "[w]ithout alluding to a single specific incident, [K.S.] . . . testified that after [he] turned 17 years old, he contacted his penis to her vagina [sic], contacted his penis to her anus, contacted his penis to her mouth, contacted his mouth to her vagina [sic], touched her breasts and touched her vagina [sic] . . . [;o]ther than [K.S.'s] conclusory statement that it happened, there is absolutely no evidence in the record that any abuse occurred after Appellant's 17th birthday."

The State argues that K.S. had told her two friends of the abuse and had confirmed it to CPS workers and to the police.  K.S. told the CARE team that Appellant had sexually abused her eight to ten times, beginning when she was about ten years old until she was thirteen years old.  In response to Appellant's argument that K.S.'s testimony was conclusory with no additional corroborating details and insufficient because it failed to allude to a specific incident, the State

---

[6]*See* Tex. Penal Code Ann. § 8.07(b) (West 2011).

6

points out that it is the jury who must determine the credibility of the witnesses and the weight to be given to their testimony.[7] The law permits wide latitude in evaluating the testimony of a child witness who is the complainant in a sexual abuse case, as opposed to a capital murder case, a robbery case, a murder case, or any other case.[8] The same latitude appears to be granted to an adult testifying about events that occurred in childhood, as in this case.[9] Here, K.S. was nineteen years old when she testified about the events for which Appellant was convicted. If the jurors determined that the evidence was sufficient to convince them beyond a reasonable doubt that the offenses occurred, the evidence is sufficient under the law.[10]

The jury also heard testimony from two of K.S.'s friends, her school counselor, two CPS investigators, and a doctor from the CARE team describing K.S.'s report to them. Additionally K.S. testified that the assaults occurred two to three times a month after Appellant turned seventeen years old until he moved out of the home when he was nineteen years old. While this testimony may

---

[7]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[8]*See, e.g.*, *Klein v. State*, 273 S.W.3d 297, 303 (Tex. Crim. App. 2008).

[9]*See, e.g., Revels v. State*, 334 S.W.3d 46, 48–50, 52–53 (Tex. App.— Dallas 2008, no pet.).

[10]*See generally Sledge v. State,* 953 S.W.2d 253 (Tex. Crim. App. 1997); *see also Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

seem inconsistent with her testimony that it happened only approximately ten times from the time it began, the jury alone was responsible for determining the credibility of the witnesses and resolving any conflicts in the evidence.[11]

Additionally, as the State points out, the State is not required to plead and prove any specific date in a child sexual abuse case. The "on or about" language of the indictment allows the State to prove, without apparent regard for the evidence presented to the grand jury, any date within the statute of limitations, so long as it is anterior to the presentment of the indictment.[12]

We hold that because current law allows such latitude in proving sexual offenses against children, as opposed to the standards applied to other offenses, the evidence is sufficient under the *Jackson* standard to support the verdicts. We overrule Appellant's first twelve issues.

**Double Jeopardy**

In issues twenty-five and twenty-six, Appellant argues that his conviction for aggravated sexual assault of a child in count one and his conviction for indecency with a child in count six violate double jeopardy protections. The allegation that Appellant intentionally or knowingly caused K.S.'s sexual organ to contact his sexual organ, as provided in count one, and the allegation in count six that Appellant did then and there intentionally with intent to arouse or gratify

---

[11]*See* Tex. Code Crim. Proc. Ann. art. 38.04; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brown*, 270 S.W.3d at 568; *Clayton*, 235 S.W.3d at 778.

[12]*Sledge*, 953 S.W.2d at 256.

sexual desire engage in sexual contact by touching any part of her genitals may both be proved by evidence of penis-to-female sexual organ contact.

The Texas Court of Criminal Appeals has held that, despite the fact that indecency, unlike sexual assault, requires evidence of intent to arouse and gratify the sexual desire of any person, "indecency with a child is a lesser-included offense of aggravated sexual assault of a child where both charges are based on the same incident."[13]  In its discussion, the *Evans* court referred to the earlier decision in *Ochoa v. State*[14] and noted with approval Judge Keller's concurring opinion that discussed the double jeopardy implications of charging a defendant with two different statutes for the same incident.[15]  But because Appellant did not raise his double jeopardy complaint at the trial level, he was required to show that a double jeopardy violation was apparent from the face of the record in order to raise his complaint for the first time on appeal.[16]

Although the indictment is not a model pleading, there is testimony of both contact and touching from which the jury could conclude beyond a reasonable

---

[13]*Evans v. State*, 299 S.W.3d 138, 143 & n.6 (Tex. Crim. App. 2009).

[14]*Id.* at 141–43; *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998) (concluding that indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both charges are based on the same incident).

[15]*Evans*, 299 S.W.3d at 141–43; *Ochoa*, 982 S.W.2d at 911 (Keller, J., concurring) (noting that charging Ochoa with two different offenses for the same incident was a double jeopardy violation).

[16]*See Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008).

doubt that after his seventeenth birthday, Appellant touched K.S.'s genitals with something other than his mouth or penis.

Dr. Jamye Coffman, who was part of the CARE team that examined K.S., testified over objection to the medical history K.S. provided. In response to the question about K.S.'s statements about vaginal contact Coffman testified,

> A.   She said yes to penis contacting the vagina [sic], which she had already said, and then yes to the finger or hand contacting the vagina [sic], and then no to any object.
>
> . . . .
>
> Q.   And when somebody says they touched my vagina or placed a penis against my vagina, does that mean her sexual organ was contacted?
>
> A.   Yes.

Because there is evidence from which the jury could conclude that, after his seventeenth birthday, Appellant touched K.S.'s female sexual organ with something other than his mouth or penis (that is, his finger or hand), it is not apparent from the face of the record that the jury necessarily convicted Appellant of both contacting K.S.'s sexual organ with his penis or mouth and touching her sexual organ with his penis or mouth in the same incident. Consequently, we hold that Appellant has forfeited his double jeopardy complaint.[17] We overrule his twenty-fifth and twenty-sixth issues.

---

[17] *See Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006).

**Unanimous Verdicts**

Appellant argues in his thirteenth, fifteenth, seventeenth, nineteenth, twenty-first, and twenty-third issues that he was denied his right to a unanimous jury verdict under the Sixth Amendment to the Constitution of the United States. The State argues that he has no federal right to a unanimous jury verdict.[18] The State relies on a majority holding that the Sixth Amendment does not require conviction by a unanimous verdict in a state court.[19] We overrule those issues.

In his fourteenth, sixteenth, eighteenth, twentieth, twenty-second, and twenty-fourth issues, Appellant contends that the jury charge allowed him to be convicted on nonunanimous verdicts in violation of the Texas Constitution. The State concedes that a jury verdict in a criminal case is required to be unanimous under the Texas Constitution.[20] Unanimity means that the jurors must agree that the defendant committed the criminal act alleged.[21] While it is required that the jury unanimously agree that the defendant committed the specific criminal act, the jury is not required to agree on manner and means, so long as the possible

---

[18]*Apodaca v. Oregon*, 406 U.S. 404, 409–13, 92 S. Ct. 1628, 1632–34 (1972).

[19]*See id.*

[20]*See* Tex. Const. art. V, § 13; *Pizzo v. State*, 235 S.W.3d 711, 714 (Tex. Crim. App. 2007).

[21]*Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

manner and means is properly pled in the charging instrument.[22]

Here, the trial court provided separate verdict forms for each separate offense alleged. The jurors were instructed that their verdicts must be unanimous as to each count. The State contends that Appellant appears to argue that the verdicts may not have been unanimous because the jurors could have disagreed on the specific incident the verdict form referred to. The State was not asked to make an election, and the State was not ordered to make an election. K.S. testified that the same events occurred more than one time within the statute of limitations, and prior to the return of the indictment. The State points out that regarding jury unanimity, the *Dixon v. State* court stated,

> We likewise perceive no risk that the present case led to a non-unanimous verdict. The only distinguishing detail among the one hundred offenses is that one occurred during the day, while all the others happened at night. The difference is the result of a single line of the child's testimony—in fact, the use of a single word, "daytime," as denoting one of those hundred incidents. But there is simply no basis in the record for the jury to believe that one incident occurred during the day but that none occurred at night. The nighttime scenario being typical (ninety-nine out of one hundred), it is obvious from this record that anyone who believed the complainant's allegations in any respect would believe that sexual assaults occurred at night.[23]

We note that the jury was instructed that the verdicts must be unanimous, and we presume that the jury followed the instruction.[24] We hold that there was

---

[22]*Pizzo*, 235 S.W.3d at 714–15.

[23]201 S.W.3d 731, 735 (Tex. Crim. App. 2006).

[24]*See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

12

no error in the charge relating to jury unanimity.  We overrule Appellant's fourteenth, sixteenth, eighteenth, twentieth, twenty-second, and twenty-fourth issues.

**Admission of Appellant's Letter**

In his twenty-seventh issue, Appellant argues that the trial court abused its discretion by admitting into evidence a letter that he wrote to his father about six months after Appellant was incarcerated on the charges in this case.  Appellant wrote that he was "sorry for all the harm that [he had] cause[d] everyone," he knew that he had "really hurt [his father] in the past," "[i]t took almost 5 months to figure out what to say," and "[Appellant] love[s] [his father] and everyone that [Appellant has] hurt."  Appellant objected that the letter was hearsay because the recipient of the letter was deceased and that it was not relevant, and he also objected to its "probative and prejudicial effect."  The trial court overruled the objections.  But Appellant neither requested nor received a running objection to the evidence.  When the State questioned Robin Sikes, Appellant's stepmother, about the letter and had her read the letter to the jury, Appellant made no further objection.

To preserve error, a party must continue to object each time the objectionable evidence is offered.[25]  A trial court's erroneous admission of

---

[25]*Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).

evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.[26] This rule applies whether the other evidence was introduced by the defendant or the State.[27] Consequently, we hold that Appellant forfeited any error in the admission of the letter and overrule his twenty-seventh issue.

**Conclusion**

Having overruled all of Appellant's twenty-seven issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

GABRIEL, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 6, 2011

---

[26]*Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

[27]*Id.*

14