**Opinion filed August 29, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00231-CR

_____

## ROBERT LEE TREVINO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39682**

## M E M O R A N D U M   O P I N I O N

The jury convicted Robert Lee Trevino of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c) (West 2011). After finding the enhancement paragraph to be true, the jury assessed Appellant's punishment at confinement for a term of thirty-five years and a fine in the amount of $10,000. The trial court sentenced him accordingly. We affirm.

Appellant presents three issues for our review. In his first issue, he challenges the sufficiency of the evidence to support his conviction for indecency with a child by contact. Appellant argues in his second issue that the trial court erred when it refused to allow Appellant's wife to testify about her own personal history of sexual abuse as a child. And, in his final issue, Appellant asserts that the sentence imposed against him of thirty-five years is cruel and unusual punishment for a conviction of indecency with a child by contact.

We first examine Appellant's complaint that the evidence is insufficient to support his conviction of indecency with a child by contact because the child's testimony was not credible. We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

To prove that Appellant committed the offense of indecency with a child by contact, the State had to show that Appellant touched, either directly or through clothing, the anus, breast, or any part of the genitals of a child younger than seventeen years of age with the intent to arouse or gratify the sexual desire of any person. *See* PENAL § 21.11(a)(1), (c). A.V., Appellant's stepdaughter, testified that Appellant came into the living room where she and her stepsister slept and poked her with his finger in her private part. She explained that her private part was the place where she would go pee. She said that he would poke her about three times, she would turn over, he would stop, and then he would continue to get

ready for work. A.V. testified that Appellant probably touched her on four occasions during one week and then never touched her again. He touched her early in the morning, when everyone else in the apartment was still asleep. The touching occurred outside her clothes. She was eleven when the incidents occurred.

On cross-examination, defense counsel asked A.V. if she ever told her mother that Appellant did not touch her and that she was sorry that she lied. A.V. responded that she did not tell her mother that, but that her mother wanted her to tell the district attorney's office that Appellant had not touched her.

A.V.'s father testified that A.V. made her outcry statement about the incidents when he, her mother, and Appellant were confronting her regarding her relationship with Appellant's son. The two had apparently been cuddling together and kissing, and all three adults were upset about that behavior. Appellant's son was also present, and Appellant confronted him about the relationship. Appellant reminded him that A.V. was only eleven years old. A.V.'s father told A.V. to pack her things because he was going to take her back to his house. A.V. came back out of her room and said, "[Y]eah, [Appellant] . . . remember that, I'm 11 years old, you should remember that." A.V. then told everyone that Appellant had been touching her. Everyone was shocked, and Appellant kept saying, "[T]his is false, this is false." A.V.'s father took her home and then took her to the emergency room to be examined.

While A.V. and her father were waiting at the hospital, A.V. told him that Appellant had touched her on top of her clothes in her vaginal area. She told him that it happened in the mornings before Appellant woke her up for school and that it happened three times. On a fourth occasion, Appellant tried to go into her pants. Appellant stopped touching her each time when she rolled over and pretended to be waking up.

3

A.V.'s father testified that he never coached A.V. on what to say regarding the incident, but only told her to tell the truth. He said that he never manipulated her or made threats to her about what would happen if she recanted her story.

Detective Steven Sanders testified that Appellant told him that he accidentally touched A.V. inappropriately on her thigh near her vaginal area when he was trying to wake her up. Appellant explained that the room was dark and that he could not see where he was touching her. Appellant told police it only happened one time.

When asked whether A.V.'s mother was supportive of A.V. or of Appellant after the incident, Detective Sanders said that she was supportive of Appellant. A.V.'s mother, Chanda, testified for the defense. She said that A.V. recanted her story on four separate occasions. The first occasion occurred when A.V. came to visit her and they were talking in her room. She testified that A.V. told her that she did a bad thing. A.V. said that she had blamed Appellant for touching her but that Appellant had never touched her and she was so sorry. Chanda told A.V. that she needed to tell someone, especially her father. Chanda testified that she told A.V.'s father about the recantation but that she did not tell anyone else. She explained that the reason that she did not tell anyone else was because she thought that A.V. was going to tell her therapist the truth. A.V. had told her that she was going to tell her therapist that she had lied about the incident.

Appellant argues that A.V.'s actions were not consistent with a child who claims to have been sexually assaulted because she never told her parents about the alleged touching and because she continued to live in the same home with her mother and Appellant for four months after the alleged incidents. Appellant also points out that A.V.'s mother testified that A.V. recanted her accusation against Appellant and reiterated her recantation on three separate occasions. Thus, Appellant argues that A.V.'s testimony was not credible.

4

The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE. CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). Thus, it was within the jury's province to determine the credibility of A.V. and her mother and resolve inconsistencies between the two witnesses' testimony. The jury obviously found that A.V. was more credible than Chanda.

Appellant also asserts that the evidence is insufficient to support his conviction because the State did not offer any physical evidence or any evidence other than the child's accusation. Further, Appellant claims that, even if the State proved that he touched A.V., the State failed to prove that he touched her with the intent to arouse or gratify the sexual desire of any person. The complainant's testimony alone is sufficient to support a conviction for indecency with a child. CRIM. PROC. art. 38.07 (West Supp. 2013); *Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd). Therefore, A.V.'s testimony that Appellant came into the living room and poked her in her private part outside her clothes is sufficient to show that Appellant touched A.V. on a part of her genitals through her clothing.

As to whether the State showed that Appellant touched A.V. with the intent to arouse or gratify the sexual desire of any person, the jury can infer intent to arouse or gratify the sexual desire from conduct, remarks, or all the surrounding circumstances of the incident. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). "An oral expression of intent is not required, and a defendant's conduct alone is sufficient to infer intent." *Cruz v. State*, No. 11-05-00112-CR, 2006 WL 572002, at *3 (Tex. App.—Eastland Mar. 9, 2006, no pet.) (not designated for publication) (citing *Tyler v. State*, 950 S.W.2d 787, 789 (Tex.

App.—Fort Worth 1997, no pet.)). Here, A.V. testified that Appellant poked her on four separate occasions in her private area when no one else in the apartment was awake. Thus, the jury could have inferred that Appellant touched A.V. with the intent to arouse or gratify his sexual desires based on the evidence that he touched her on multiple occasions when no one was looking. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant committed the offense of indecency with a child by contact. We overrule Appellant's first issue on appeal.

In his second issue, Appellant contends that the trial court erred when it refused to allow A.V.'s mother to testify about her personal history of sexual abuse as a child. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Id.*

The State objected to Chanda testifying about the sexual abuse that she suffered as a child; it claimed that the evidence was not relevant. The trial court sustained the State's objection. In an offer of proof, defense counsel asked Chanda, "[I]f you believed [A.V.]'s allegations of sexual abuse by [Appellant] were true, would you come in here and lie for him?" Chanda responded, "I wouldn't come in here and lie for him, no." Defense counsel then asked Chanda about the sexual abuse she suffered as a child. The trial court made it clear that defense counsel's first question—the one quoted above—was admissible and that defense counsel was free to ask that question in front of the jury. However, the trial court ruled that defense counsel could not ask the subsequent questions. Defense counsel did not ask Chanda, in the presence of the jury, the question that the trial court ruled was admissible.

Appellant argues that the evidence was relevant because it tended to show that Chanda would not have ignored A.V.'s allegations of sexual abuse and that it was relevant to rebut the State's challenges to Chanda's credibility based on her prior felony conviction and her financial reliance on Appellant. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401.

In determining whether evidence is relevant, we look to the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition sought to be proved. *Reed v. State*, 59 S.W.3d 278, 281 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Fletcher v. State*, 852 S.W.2d 271, 276 (Tex. App.—Dallas 1993, pet. ref'd)). When a witness's credibility has been attacked by impeachment, the sponsoring party may rehabilitate the witness but only in direct response to the attack. *Michael v. State*, 235 S.W.3d 723, 726 (Tex. Crim. App. 2007). Rule 608(a) permits the rehabilitation of a witness's character for truthfulness in the form of opinion or reputation evidence. TEX. R. EVID. 608(a); *Michael*, 235 S.W.3d at 725.

Appellant offered Chanda's testimony about her abuse as a child to show that she would have been less likely to ignore A.V.'s allegations if she believed that they were true and to rebut the State's attacks on Chanda's credibility. However, whether Chanda believed A.V.'s allegations or whether Chanda would have been less likely to ignore A.V.'s allegations had she believed them do not show whether Appellant touched A.V. Her mother's belief is not a fact of consequence; thus, her testimony that she was abused as a child is not relevant. It is also not relevant to rebut the State's attack on her credibility. The State attacked her credibility by showing that she was a convicted felon and alleging that she relied on Appellant for financial support. Whether she was

7

abused as a child is not evidence that rehabilitates her in direct response to the State's attacks on her credibility, nor does it show that she has a character or reputation for truthfulness as permitted under Rule 608(a). Furthermore, while it may show that she would be less likely to ignore A.V.'s allegations, it does not necessarily show that she would be less likely to lie for Appellant or that she is a credible witness. Therefore, we cannot say that the trial court acted outside the zone of reasonable disagreement when it found the evidence irrelevant and excluded it. We overrule Appellant's second issue.

Appellant argues in his final issue that the imposition of a 35-year sentence for a nonviolent "sexual" crime constitutes cruel and unusual punishment in violation of U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; and CRIM. PROC. art. 1.09 (West 2005). Specifically, Appellant asserts that the 35-year sentence is grossly disproportionate to the offense charged and that the sentence substantially exceeded the length of sentences usually imposed in cases of indecency with a child by contact. The State argues that Appellant has waived this issue on appeal because he failed to object to his punishment in the trial court. We agree.

To preserve error on appeal, Appellant must make a timely and specific objection to the trial court, and the trial court must rule on the objection. *See* TEX. R. APP. P. 33.1. Appellant did not contend at trial that his sentence constituted cruel and unusual punishment, nor did he object to the imposition of his sentence. Therefore, he has failed to preserve error and has waived his complaint on appeal. *See id.*; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (failure to object that sentence constitutes cruel and unusual punishment waives error on appeal). *But see Garza v. State*, No. PD-1596-12, 2014 WL 2589770, at *3 (Tex. Crim. App. June 11, 2014) (recognizing an exception to procedural default for certain Eighth Amendment claims not applicable here). Appellant's third issue is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

August 29, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.